829 F.2d 1125
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Leonard James FOX, Plaintiff-Appellant,
v.
Robert BROWN, Director; Emmit Baylor, Warden, Defendants-Appellees,
Michigan Department of Corrections, Defendant.
 No. 87-1264
 United States Court of Appeals, Sixth Circuit.
 September 28, 1987.
 
 ORDER
 Before KRUPANSKY, Circuit Judge, JOHN W. PECK and BAILEY BROWN, Senior Circuit Judges.
 
 
 1
 This matter is before the court upon consideration of this pro se plaintiff's appeal from an order of the district court which dismissed his civil rights action filed pursuant to 42 U.S.C. Sec. 1983. After review of the record and plaintiff's brief, this panel agrees unanimously that oral argument is not needed. Rule 34(a), Federal Rules of Appellate Procedure.
 
 
 2
 Plaintiff, an inmate at the West Wayne Correctional Facility in Plymouth, Michigan, filed a complaint pursuant to 42 U.S.C. Sec. 1983 in which he alleged that various conditions at that institution were so substandard as to constitute cruel and unusual punishment. Defendants' chief response to the complaint was a motion for summary judgment which the district court granted by order entered February 18, 1987. Plaintiff thereafter filed this appeal.
 
 
 3
 A district court may properly grant a motion for summary judgment only if it, drawing all inferences in favor of the non-moving party, can conclude that there is no genuine issue of material fact and that the moving party is entitled to judgment of a matter of law. Rule 56(c), Federal Rules of Civil Procedure; Anderson v. Liberty Lobby, 477 U.S. ----, 106 S.Ct. 2205, 91 L.Ed.2d 202 (1986); Celotex Corp. v. Catrett, 477 U.S. ----, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). Furthermore, upon the moving party's initial showing of the absence of a genuine issue of material fact, it is incumbent upon the non-moving party to demonstrate to the contrary. In so doing, the non-moving party cannot rest upon the allegations contained in the pleadings, but must come forward with evidence of sufficient probative value to allow a reasonable jury to ultimately find in his favor. Upon the non-movant's failure to meet that standard on an issue which is an essential element of the case on which he bears the burden of proof, the district court may properly enter summary judgment against him. Rule 56(e), Federal Rules of Civil Procedure; Anderson, 91 L.Ed.2d at 211-12; Celotex, 91 L.Ed.2d at 273-74.
 
 
 4
 The district court did not err in applying those standards to this case. In particular, in order to prevail on his claim for cruel and unusual punishment contrary to the eighth amendment, plaintiff must prove that the conduct or events giving rise to his cause of action are characterized by obdurate or wanton behavior on the part of defendants. Whitley v. Albers, 475 U.S. 312, 106 S.Ct. 1078, 1084 (1986). In support of their motion for summary judgment, defendants' tendered affidavits which generally indicated that their conduct in regard to the living conditions which are the subject of this cause of action were not of such obdurate or wanton nature. Plaintiff, in responding to defendants' motion, produced no equivalent evidence capable of placing this issue in dispute. As a result, plaintiff failed to establish the existence of a genuine issue of fact as to an essential element of his claim on which he bore the burden of proof and the district court therefore properly granted the motion for summary judgment.
 
 
 5
 Accordingly, it is ORDERED that the final order of the district court entered February 18, 1987, is hereby affirmed. Rule 9(b)(5), Rules of the Sixth Circuit.